UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,                    Case No. 16-cv-685-pp

   Plaintiff,

v.

US DEP. OF HOUSING AND URBAN DEVELOPMENT et al.,

   Defendants.

**ORDER REQUIRING THE PLAINTIFF TO PROVIDE THE COURT WITH ADDITIONAL DOCUMENTS BY JANUARY 27, 2017**

**I. Factual Background**

  Plaintiff Jamesetta McFarland-Lawson worked at the US Department of Housing and Urban Development ("HUD"). Dkt. No. 1 at 4. During her time at HUD, she allegedly experienced a hostile work environment due to her sex, race, veteran status and disability. Id. The plaintiff states that she filed three complaints with the U.S. Equal Employment Opportunity Commission ("EEOC"). Id. at 5. The plaintiff did not attach those EEOC charges to her complaint, or explain what happened to them.

  The plaintiff *did* attach to her complaint the administrative law judge's decision on EEOC charge no. 443-2013-00139X. Dkt. No. 1. According to the decision, there were two issues before the administrative law judge in that matter: whether HUD discriminated against the plaintiff based on her race (African American), and whether it discriminated against her based on her

1

disability. Id. at 3. The administrative law judge found that HUD had failed to provide the plaintiff with an effective reasonable accommodation for her disabilities, had not met its burden to demonstrate that the requested accommodations would have posed an undue hardship, and had subjected the plaintiff to hostile work environment harassment. Dkt. No. 1-1 at 62. In other words, the ALJ found in the plaintiff's favor, and against HUD, on both of the plaintiff's claims. The ALJ found that the plaintiff was entitled to non-pecuniary, compensatory damages totaling $50,000. Id. at 65. She ordered HUD to make that payment within thirty days of the date her decision became final. Id.

The accompanying Notice to the Parties required HUD to issue a final order within forty days, notifying the plaintiff whether it intended to implement her decision; the notice informed the plaintiff that once she received HUD's final order, she could appeal it within thirty days. Id. at 69. It also notified the plaintiff that if HUD failed to issue a final order, she could file her own appeal "at any time after the conclusion of the agency's (40) day period for issuing a final order." Id. The notice told the plaintiff where to file her appeal.

The ALJ issued her decision on May 9, 2016. Id. at 67. That means that HUD was required to issue its final order by Saturday, June 18, 2016 (more likely, by the next week day—Monday, June 20, 2016). If the final order stated that HUD planned to implement the ALJ's ruling, HUD would have had thirty days to pay the plaintiff $50,000 (by July 20, 2016 or so). If the final order indicated that HUD did not plan to implement the ALJ's ruling, HUD would

2

have to file an appeal to the EEOC, and attach a copy of that appeal to the final order. If HUD did not issue a final decision within forty days, the plaintiff would have had thirty days to file her own appeal (by July 20, 2016 or so).

Before any of those deadlines passed, however, the plaintiff filed this lawsuit. She filed the federal court complaint on June 8, 2016—ten to twelve days before the deadline for HUD to issue its final order. Dkt. No. 1.

The complaint says that "[t]his complaint starts where EEOC 443-2013-00139 ended." Id. at 6. The plaintiff says that she "received a final agency decision from John B Benson, director of the Office of Departmental Equal Employment Opportunity," and that in the appeal section of that decision, "it states that [the plaintiff] may file a civil action in the appropriate United States District Court within 90 calendar days of receipt of the order." Id. The plaintiff did not attach a copy of this final agency decision to her complaint.

On the same day that she filed her lawsuit, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. For the reasons explained below, the court is going to defer ruling on the motion to proceed without prepaying the filing fee and the motion to appoint counsel, and is going to require the plaintiff to amend her complaint to provide the court with additional information.

**II.     Discussion**

    A.     <u>Gender Discrimination and Veteran's Status Claims</u>

The plaintiff alleges in the June 8, 2016 complaint that HUD employees discriminated against her because of her "sex, race, veteran status and

3

disability." Dkt. No. 1 at 4. She identified her disabilities as attention deficit hyperactivity disorder, posttraumatic stress disorder, dyslexia, and fibromyalgia. Dkt. No. 1 at 6.[1] Dkt. No. 1 at 4-5. The court construes these claims as claims that HUD violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (employment discrimination based on race and gender); the Americans with Disabilities Act (discrimination based on disability); and the Uniformed Services Employment and Reemployment Rights Act, or "USERRA," 38 U.S.C. 4301 *et seq.* (discrimination based on military service). It is also possible that the plaintiff seeks to assert a civil rights claim under 42 U.S.C. §1983.

      Title VII, the ADA, and the ADEA require that before a plaintiff can file a federal lawsuit, she must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful employment practice. 42 U.S.C. §20005(e)(1); 42 U.S.C. §12117(a); 29 U.S.C. §626(d)(1). The plaintiff must let that charge play out at the EEOC level before filing suit in federal court. This is called "exhausting administrative remedies." Whether a plaintiff has "exhausted" her administrative remedies depends on what the EEOC does with the plaintiff's charge of discrimination.

---

[1] Employment discrimination based on veteran status is addressed by 38 U.S.C. §§ 4301 to 4344, the Uniform Services Employment and Reemployment Rights Act (USERRA). It follows that the same pleading standard for Title VII claims at the screening stage applies to USERRA claims. Furthermore, USERRA litigants are permitted to initiate suit without prepaying the filing fee upon producing an affidavit establishing the moving party's veteran status. See Davis v. Advocate Health Center Patient Care Exp., 523 F.3d 681, 685 (7th Cir. 2008).

4

The plaintiff states in her complaint that she filed three different charges with the EEOC. Dkt. No. 1 at 5. She indicates that she filed the first one on in January 2012, and that this is the one that resulted in the ALJ's decision. Id. She doesn't indicate when she filed the other two charges, or what she alleged in them, or what happened to them.

As explained in the factual background, the ALJ considered only two claims: whether HUD discriminated against the defendant based on her race, and whether it discriminated against her based on her disability. The ALJ did not mention gender or veteran's status. Because the plaintiff did not attach the other two EEOC charges, or explain what they alleged, the court does not know whether the plaintiff has raised her gender and veteran's status claims with the EEOC.

It is possible that the plaintiff *did* raise those two claims with the EEOC, and that the EEOC reviewed the charges and decided to dismiss them. The EEOC can do this before conducting an investigation (for example, if the plaintiff doesn't cooperate), or after it has investigated (if it can't determine that the employer violated the law). If the EEOC decides to dismiss a charge, it will give the plaintiff a "Notice-of-Right-to-Sue" letter, which tells the plaintiff that she may file a lawsuit in federal court within ninety days. Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999) (citations omitted).

If the plaintiff raised her gender and veteran's status claims with the EEOC and the EEOC dismissed them, she should have received Notice-of-Right-to-Sue letters from the EEOC, giving her a deadline by which to file her

5

federal court case. If the plaintiff has those Notice-of-Right-to-Sue letters, the court wants to give her an opportunity to provide them to the court. If she hasn't raised her gender and veteran's status claims with the EEOC, and hasn't received a Notice-of-Right-to-Sue letter on those two claims, she has not exhausted her remedies on those claims, and she can't bring those claims in this federal lawsuit.

>B.     Race and Disability Claims

The ALJ *did* consider the plaintiff's claims that HUD discriminated against her based on her race and her disability, and as the factual background indicates, the ALJ ruled in the plaintiff's favor. The next step would have been for HUD to issue its final decision, and the deadline for that was approximately June 18-20, 2016. The complaint states that the plaintiff received "a final agency decision from John B Benson, director of the Office of Departmental Equal Employment Opportunity." Dkt. No. 1 at 6. The Notice to the Parties that accompanied the ALJ's decision has a certificate of service attached; that certificate lists "John P. Benison," and identifies him as the "ODEEO" at HUD. Dkt. No. 1-1 at 71.

While the plaintiff doesn't directly say so, the court thinks that perhaps HUD issued its final decision early—before the June 18-20, 2016 deadline— and that the plaintiff received it before she filed her complaint on June 8. Because the plaintiff did not attach the document to her complaint, however, the court doesn't know what the final order said. Did HUD agree to implement the ALJ's May 9, 2016 order? If so, why did the plaintiff file this lawsuit, rather

than waiting for thirty days to see if she got the $50,000 the ALJ ordered HUD to pay? She indicates in her June 8, 2016 request to proceed without prepaying the filing fee that she'd won the EEOC case but hadn't seen any money. Dkt. No. 2 at 4. If, however, HUD issued its final order on June 1 (just to pick a hypothetical date), and indicated that it planned to implement the ALJ's order, it would have had thirty days (until July 1) to pay the plaintiff. Even if HUD had issued a final order on May 15, 2016, agreeing to implement the ALJ's order, HUD would have had until June 14 to pay the plaintiff. And even if HUD had issued its final order and agreed to comply with the ALJ's decision, and then failed to pay the plaintiff her money within thirty days, the next step would have been for the plaintiff to notify the EEOC director within thirty days of the fact that she hadn't gotten her money. 29 C.F.R. §1614.504.

On the other hand, perhaps the document the plaintiff received from Mr. Benison was HUD's final order, and it said that HUD was *not* going to comply with the ALJ's decision. If that is the case, HUD should have attached to the final order a copy of the appeal it filed with the Director of Federal Operations at the EEOC in Washington, D.C. The EEOC then would review that appeal.

As things stand right now, it appears to the court that the plaintiff filed this lawsuit before the EEOC process was complete—at least with regard to EEOC charge no. 443-2013-00139X. She indicates that the notice she received from Mr. Benison stated, in the appeal section, that she could file a lawsuit in federal court within ninety days of the date of the order. It would help the court very much if the court could see that order from Mr. Benison, so that it

7

could figure out whether the EEOC process was complete before the plaintiff filed this lawsuit on June 8, 2016.

### III. Conclusion

The court is going to give the plaintiff an opportunity to provide the court with the documents it needs to make a decision about whether the plaintiff's federal court case is premature. The court asks the plaintiff to file the following documents, if she has them:

* Her other two EEOC charges;

* Any Notice-of-Right-to-Sue she may have received from the EEOC; and

* A copy of the final agency decision she received from Mr. Benison.

If the plaintiff provides the court with copies of those documents by the deadline below, the court will review them and decide whether to allow her to proceed on the federal lawsuit. If the court allows the plaintiff to proceed, it will issue rulings on her motion to proceed without prepaying the filing fee and her motion to appoint counsel.

It is possible that the plaintiff has received her money from HUD, and no longer wishes to proceed with the federal lawsuit. If that is the case, the plaintiff may—by the same deadline—notify the court that she wishes to voluntarily dismiss her lawsuit.

The court **ORDERS** that, no later than the end of the day on January 27, 2017, the plaintiff file with the court:

* Her other two EEOC charges;

8

* Any Notice-of-Right-to-Sue she may have received from the EEOC; and

* A copy of the final agency decision she received from Mr. Benison.

If the plaintiff does not file these documents by the end of the day on January 27, 2017 (or ask for more time to do so), the court may dismiss her complaint.

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge