UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

    Plaintiff,

v.

                                              Case No. 16-CV-00685-PP

ACTING SECRETARY CRAIG CLEMMENSEN, *et al.,*

    Defendants.

**ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 3), ORDERING THE PLAINTIFF TO PAY THE FILING FEE BY MARCH 10, 2017, AND DISMISSING DEFENDANTS**

**I.    Factual Background**

Prior to the date of the complaint, plaintiff Jamesetta McFarland-Lawson worked at the United States Department of Housing and Urban Development ("HUD"). Dkt. No. 1 at 4. During her time at HUD, she allegedly experienced a hostile work environment due to her sex, race, veteran status and disability. Id. Consequently, the plaintiff filed several complaints with the U.S. Equal Employment Opportunity Commission ("EEOC"). Id. at 5. Although she received a favorable determination and settlement on one of her complaints, dkt. no. 1-1 at 62, on March 10, 2016, HUD issued a final agency decision finding that she was not subjected to discrimination based on disability (mental), race (African American), and sex (female). Dkt. No. 5-3 at 1. The decision also explained that within ninety days of the day she received the

1

March 10, 2016 decision, she had a right to file a lawsuit in the appropriate United States District Court. Id. at 21.

The plaintiff timely filed suit in federal court on June 8, 2016. Dkt. No. 1. She alleges that HUD did not properly investigate her discrimination claims. Id. at 6. She attached to the complaint a copy of the favorable determination, dkt. no. 1-1, but did not include a copy of the March 10, 2016 final decision against her. She also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. The motion to appoint counsel asks the court to appoint the plaintiff an attorney, but does not explain why she needs a lawyer or describe previous efforts she may have made to find an attorney. Dkt. No. 3 at 1.

On December 19, 2016, the court issued an order requesting additional documents in support of the plaintiff's claim. Dkt. No. 4. On January 26, 2017, the court received those additional documents from the plaintiff. Dkt. No. 5. For the reasons explained below, the court will deny without prejudice plaintiff's motion to appoint counsel. Dkt. No. 3. The court also denies the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2. Once the plaintiff pays the filing fee, the court will allow the plaintiff to proceed on her discrimination claims against Secretary Craig Clemmensen in his capacity as Acting Secretary of the U.S. Department of Housing and Urban Development.

## II. Discussion

    A.    <u>Motion to Appoint Counsel</u>

Civil litigants do not have a constitutional or statutory right to appointed counsel, but the court has the discretion to request lawyers to represent indigent litigants in appropriate cases under 28 U.S.C. §1915(e)(1). <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007) (*en banc*); <u>Lutrrell v. Nickel</u>, 129 F.3d 933, 936 (7th Cir. 1997) (citing <u>Zarnes v. Rhodes</u>, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, a litigant must make a reasonable attempt to obtain a lawyer on his own. <u>Pruitt</u>, 503 F.3d at 654-55; <u>Zarnes</u>, 64 F.3d at 288. The court cannot appoint a lawyer for every person who asks, because the court's resources are limited; that is why it asks a litigant to first try to find a lawyer on her own. After a litigant shows that she has tried to find a lawyer and has been unsuccessful, the court moves on to determine whether the case is so complicated, both factually and legally, that the litigant does not appear able to handle the case herself. <u>Id.</u>, 503 F.3d at 654 (citing <u>Farmer v. Hass</u>, 990 F.2d 319, 322 (7th Cir. 1993).

The Seventh Circuit has not clearly defined the phrase "reasonable attempt to obtain counsel," but it has affirmed one court's requirement that the litigant provide the names and addresses of at least three attorneys that the litigant contacted and who turned him down. <u>Romanelli v. Suilene</u>, 615 F.3d 847, 852 (7th Cir. 2010). The plaintiff's motion simply asks the court to appoint a lawyer to represent her. It does not state whether she has made

3

efforts to hire a lawyer on her own. Dkt. No. 3. The plaintiff has not, therefore, met the first Pruitt requirement.

Because the plaintiff has not met the first Pruitt requirement—that she show that she has made reasonable attempts to find her own lawyer and has been unsuccessful—the court will deny her motion without prejudice. If the plaintiff provides the court with proof that she has contacted at least three attorneys, without being able to find one to represent her, she then may file another motion asking for appointment of a lawyer, and explain why she thinks the case is so complicated that she is not able to present it.

  B. <u>Motion to Proceed Without Prepayment of the Filing Fee</u>

When evaluating a motion to proceed without prepayment of the filing fee, courts consider (1) whether the plaintiff has the ability to pay the filing fee and (2) whether the lawsuit is frivolous or fails to state a claim. 28 U.S.C. §§1915(a) and (e)(2)(B).

The plaintiff appears to have the ability to pay the filing fee. In her Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, filed on June 8, 2016, the plaintiff indicated that her total monthly wages varied from $800 to $1,000. Dkt. No. 2 at 2. She indicated that she did not have an employer, and that she receives $190 in food stamps (presumably per month). Id. She must own her home, because she reports a mortgage payment of $1,090 per month. Id. She also owns a Dodge Ram truck. Id. at 3. She indicated that she had about $200 in a checking account. Id. In the "other circumstances" section, the plaintiff explained that she had won an EEOC

4

case, but that she hadn't seen any money. She stated that when she received the settlement, she would pay the filing fee. Id. Documents the plaintiff submitted with her case verified that an administrative law judge had awarded the plaintiff $50,000 on the successful EEOC claim. Dkt. No. 1-1 at 65.

At the time she filed this document last June, it appeared that the plaintiff did not have the funds to pay the filing fee. But on January 26, 2017, the court received from the plaintiff the additional documentation that it had asked for in its December 19, 2016 order. Dkt. No. 5. The plaintiff stated in this document that "the Respondents paid out the settlement amount and, as far as I know, followed the Judges orders." Dkt. No. 5 at 2. It appears, therefore, that at some point between June of 2016 and January 2017, the plaintiff received the $50,000 award from the EEOC. Based on the plaintiff's statement in the January 26, 2017 filing, the court finds that she is able to pay the filing fee. The court will deny her motion to proceed without prepaying the fee, and will give her a deadline by which to pay it.

    C.    <u>Screening the Plaintiff's Complaint</u>

The plaintiff has alleged that the defendants discriminated against her on several grounds, and she has filed the required EEOC Notice of Right to Sue. A plaintiff does not need to allege much detail to adequately allege a discrimination claim. In <u>Tate v. SCR Medical Transp.</u>, 809 F.3d 343 (7th Cir. 2015), the Seventh Circuit held,

> The other violations that the plaintiff complains of—sexual harassment, discrimination on the basis of his sex, and retaliation for engaging in protected activity—are adequately alleged, given our ruling in *Luevano v. Wal–Mart*

5

> *Stores, Inc., supra,* 722 F.3d at 1028, quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084–85 (7th Cir.2008), that "to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer [had] instituted a (specified) adverse employment action against the plaintiff on the basis of her [or his] sex."

For this reason, the court will allow the plaintiff to proceed with her lawsuit once she has paid the filing fee. See also Bradley v. Sabree, 842 F.3d 1291, n. 1 (7th Cir. 2016) (Noting that the district court has authority to dismiss defective claims only when the procedural protections that the Seventh Circuit has outlined, notice and opportunity to respond, are satisfied.)

The court will not, however, allow the plaintiff to proceed against all of the defendants she named in her complaint. An employment discrimination complaint is properly brought against "the head of the department, agency or unit, as appropriate." 42 U.S.C. §2000e-16(c); Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper defendant is 'the head of the department, agency, or unit, as appropriate.' 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures)"). The plaintiff has alleged that she was discriminated against by the Department of Housing and Urban Development. The acting secretary of that department is Acting Secretary Craig Clemmensen. The court will dismiss all other defendants from the lawsuit. Once the plaintiff pays the filing fee, the court will order the marshals service to serve the complaint on Acting Secretary Clemmensen.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** the plaintiff to pay the $400 filing fee by 4:30 p.m. on **Friday, March 10, 2017**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 3.

The court further **ORDERS** that the following defendants are **DISMISSED** from the case: the U.S. Department of Housing and Urban Development, Julian Castro, Maurice McGough, Thomas Nelson, Ann Wright, Cortney Minor, National Employment Group, Charmaine Wood-Williamson, Office of Chief Human Capital Officer Labor and Employee Relations Division Director, Michael Stein, Department of Health and Human Services, Dr. Neal Presant and Dr. Neil Hibler.

Dated in Milwaukee, Wisconsin this 10th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge