# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMESETTA MCFARLAND-LAWSON,**

              **Plaintiff,**

      v.                                        Case No. 16-CV-685

**BENJAMIN J. CARSON, SR.,**

              **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Plaintiff Jamesetta McFarland-Lawson filed this lawsuit on June 8, 2016. (ECF No. 1.) Accompanying her complaint was a motion to proceed in forma pauperis. (ECF No. 2.) The Honorable Pamela Pepper denied the motion to proceed in forma pauperis (ECF No. 7), and McFarland-Lawson paid the filing fee.

The matter was subsequently reassigned to Magistrate Judge David E. Jones following all parties consenting to the full jurisdiction of a magistrate judge, and on July 17, 2019, Judge Jones dismissed the action. (ECF No. 124.) The Clerk entered judgment accordingly. (ECF No. 125.)

McFarland-Lawson filed a notice of appeal and a motion to proceed in forma pauperis on appeal. (ECF Nos. 126, 127.) Judge Jones denied the motion. (ECF No. 131.) McFarland-Lawson moved for reconsideration and also filed a renewed motion for leave to proceed in forma pauperis on appeal. (ECF Nos. 132, 133.) She then filed another motion for leave to proceed in forma pauperis on appeal. (ECF No. 134.)

Following Judge Jones's resignation the case was reassigned to this court, and the court granted McFarland-Lawson's motion to proceed in forma pauperis on appeal. (ECF No. 135.) The court of appeals ordered McFarland-Lawson to provide a transcript (ECF No. 137), which led McFarland-Lawson to request that the court certify that her appeal is not frivolous, in which case the United States would pay for the transcript, *see* 28 U.S.C. § 753(f). (ECF No. 138.)

The defendant then moved to revoke McFarland-Lawson's in forma pauperis status. (ECF No. 140.) The court granted the defendant until August 26, 2020, in which to file a brief in support of the motion to revoke McFarland-Lawson's in forma pauperis status and ordered McFarland-Lawson to respond no later than September 16, 2020. (ECF No. 141.) The defendant filed its brief on August 28, 2020 (ECF Nos. 143, 144, 147, 148), and the court granted the defendant's request to file the brief instanter (ECF No. 146).

The court of appeals on September 15, 2020, issued a partial remand order to permit this court to resolve the defendant's motion to revoke McFarland-Lawson's in forma pauperis status. (ECF No. 149.)

McFarland-Lawson did not respond to the defendant's motion to revoke her in forma pauperis by the September 16, 2020 deadline. The court issued a new order requiring her to respond by no later than October 7, 2020. (ECF No. 150.) On October 1, 2020, McFarland-Lawson filed a motion for an extension of time. (ECF No. 151.) The court granted the motion and ordered McFarland-Lawson to respond no later than October 15, 2020. (ECF No. 152.)

On October 8, 2020, McFarland-Lawson filed a document captioned, "Motion for Understanding, is a response to Defendants Motion in Opposition needed." (ECF No. 153.) She states that she has now paid for the transcript. Therefore, McFarland-Lawson's "Motion to Certify that Plaintiff's appeal is not frivolous" (ECF No. 139) became moot, and the court dismissed it as such. (ECF No. 154.) But the court reiterated that the defendant's motion to revoke her in forma pauperis status (ECF No. 140) remained pending and that McFarland-Lawson's response was due no later than October 15, 2020. (ECF No. 154.)

McFarland-Lawson did not file her response until October 23, 2020. (ECF No. 155.) She stated, "I received the Order dated October 2, 2020 and October 9, 2020 on October 16, 2020 in my P. O Box after retuning back from Little. Rock Arkansas. Therefore, I am asking the court to accept this late response to the defendants' motion." (ECF No. 155.)

Although this explanation does not constitute excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B); *Satkar Hospitality, Inc. v. Fox TV Holdings*, 767 F.3d 701, 706-07 (7th Cir. 2014),

3

the court nonetheless accepts McFarland-Lawson's untimely filing, in part, because the court has accepted an untimely filing by the defendant (ECF No. 146).

All parties have consented to the full jurisdiction of this court.

Turning to the merits of the defendant's motion to revoke McFarland-Lawson's in forma pauperis status, in her October 11, 2019 Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis McFarland-Lawson stated that she was self-employed and earned $400 per month. (ECF No. 133 at 2.) She also stated that she received food stamps, although she did not disclose the amount. (ECF No. 133 at 2.) She stated that she had $200 in cash. (ECF No. 133 at 3.) In the portion of the form where she was asked to "List the assets, and their values, which you or your spouse owns," she left the space blank and drew a diagonal line across that portion of the form. (ECF No. 133 at 3.) In the portion of the form where she was asked to identify her "Rent or home-mortgage payment," she circled "Rent" and wrote in "250.00" She indicated that this was the amount of rent she paid per month by underlining "monthly" in the introductory instructions to the expenses section of the form. (ECF No. 133 at 4.)

The defendant notes that, since December 1, 2014, McFarland-Lawson has been receiving $2,906.83 per month in military disability benefits. (ECF No. 143-1.) Moreover, she owns a home, a fact that she has obfuscated throughout this case. For example, in her initial motion to proceed in forma pauperis, McFarland-Lawson denied owning her home but stated she had a monthly mortgage of $1,090. The history associated with this

residence is convoluted but has involved McFarland-Lawson successively refinancing the loan, eventually for more than $160,000, in addition to obtaining a $39,500 "disaster loan" through the Small Business Administration that was secured by a lien on the property.

Following a foreclosure proceeding McFarland-Lawson negotiated a short sale for $24,500, resulting in a loss of roughly $156,000 to the bank. The buyer in this transaction was McFarland-Lawson's neighbor. (ECF No. 147 at 5.) Less than a year later, on June 18, 2019, McFarland-Lawson bought the house back from her neighbor for $20,000. (ECF No. 147 at 6.) McFarland-Lawson has since listed the home for sale for $144,000. (ECF No. 148-18.)

McFarland-Lawson now acknowledges that her statements in her October 11, 2019 Affidavit, denying that she owned a home and that she was receiving disability income, were false. But she asserts that her mistake was unintentional and states, "When I was filing this form out, I was in a rush and theses forms are so subjective. Plaintiff has been behind in her mortgage for years and I see that I did not put that down." (ECF No. 155 at 2.) As to her failure to disclose the military benefits, she states, "When you receive your compensation, you are told that it is not taxable and do not reveal it because it can not [sic] cause you to lose any benefits your intitled [sic] to. For example, if you get warfare [sic] and you get compensation, they cannot / should not count that income to remove you from welfare." (ECF No. 155 at 6.) Her response otherwise largely focuses on events predating the relevant period or unrelated matters, such as disputes with her neighbors.

5
Case 2:16-cv-00685-WED   Filed 11/04/20   Page 5 of 8   Document 159

The court finds nothing "subjective" about the document that McFarland-Lawson submitted "under penalty of perjury." It very clearly asked her to list any asset (other than clothing or ordinary household furnishings) she owned, including any "Home" or "Other real estate." (ECF No. 134 at 5.) She left blank the section in which she was to disclose that information and crossed it out. However, it is undisputed that just a few months earlier she had acquired a house for $20,000 (ECF No. 148-21) that was at that time assessed as having a value of $78,600 (ECF No. 148-12) and that soon would be listed for sale for $144,000 (ECF No. 148-20). In fact, according to the "Price and tax history" report available at https://www.zillow.com/homedetails/2238-W-Rohr-Ave-Milwaukee-WI-53209/40406468_zpid/ (last visited Nov. 4, 2020), at the very time McFarland-Lawson filed her October 11, 2019 Affidavit, the property was listed for sale for $147,900.[1]

Nor does the court find persuasive McFarland-Lawson's explanation for failing to disclose her military disability income. The form very clearly asks for information regarding "Disability (such as social security, insurance payments)." (ECF No. 134 at 4.) In the space for indicating the monthly sum received, McFarland-Lawson wrote "0." (ECF No. 134 at 4.)

---

[1] Whether her home was, in fact, for sale at the time she filed her affidavit is arguably not properly before the court. *See* Fed. R. Evid. 201. The court's decision herein would be the same regardless of whether the home was for sale at the time she filed the affidavit or first listed shortly thereafter. The court notes this detail simply for the sake of completeness.

Although the defendant raises many reasons to doubt McFarland-Lawson's candor in a variety of financial matters, for present purposes the court is concerned only with the fact that McFarland-Lawson misrepresented her financial circumstances in her October 11, 2019 affidavit. Contrary to her statement that she did not own any real property, it is undisputed that McFarland-Lawson had recently purchased a home for $20,000. The source of these funds is unclear, but it appears that McFarland-Lawson possessed significant equity in the property (subject to liens for other debts).

Failing to disclose ownership of a home is not the sort of oversight that can be easily overlooked. McFarland-Lawson's only explanation for her failure is that she was "in a rush" and the form was "subjective." Moreover, it is undisputed that McFarland-Lawson's received nearly $3,000 in additional monthly income beyond that which she disclosed.

McFarland-Lawson's omission of military disability income and her ownership of a home were material. If she had accurately stated her financial circumstances, the court would not have granted her motion to proceed in forma pauperis on appeal. Having now demonstrated that McFarland-Lawson's allegation of poverty was untrue, the defendant's motion to revoke her in forma pauperis status (ECF No. 140) is **granted** pursuant to 28 U.S.C. § 1915(e)(2)(A).

**McFarland-Lawson shall pay the $505 docketing and filing fee within 21 days of the date of this order.**

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 4th day of November, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge