UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

    Plaintiff,

v.                                      Case No. 16-CV-685

MARCIA FUDGE,
SECRETARY OF HOUSING
AND URBAN DEVELOPMENT,

    Defendant.

# ORDER

On January 14, 2022, plaintiff Jamesetta McFarland-Lawson filed a motion for clarification. (ECF No. 179.) She filed that motion both with this court and with the Seventh Circuit Court of Appeals. (*See id.*) Because McFarland-Lawson's case is pending before this court, this court will grant her motion for clarification and address the questions that she asks in that motion.

In her motion, McFarland-Lawson asks this court to clarify what the Court of Appeals meant in its April 19, 2021 decision when it said it was vacating that portion of the dismissal of her complaint about "whether McFarland-Lawson filed (but did not exhaust) a grievance over delays in her ability to return from unpaid indefinite enforced

leave[.]" (ECF Nos. 160, 179.) She also asks this court to explain how that decision relates to the government's motion for summary judgment that is pending before this court. (ECF No. 170.)

1. **The Court of Appeals' Decision**

On July 17, 2019, Magistrate Judge David Jones issued an order dismissing McFarland-Lawson's second amended complaint. (*See* ECF No. 124.) In that order, Judge Jones dismissed all of McFarland-Lawson's claims, concluding that the court lacked the jurisdiction—in other words, lacked the authority—to hear them. (*Id.* at 2.)

The Court of Appeals disagreed with Judge Jones as to one of McFarland-Lawson's claims—specifically, her claim that alleged discrimination when, "On April 4, 2013, she learned that she needed to authorize an extension of an independent medical examination and review of her medical files, thus delaying a determination of when she would be allowed to return to work." (ECF No. 160 at 11.) As to this claim, the Court of Appeals stated that there was a factual dispute as to whether McFarland-Lawson had exhausted her administrative remedies. Therefore, Judge Jones should not have dismissed that claim for lack of jurisdiction. Consequently, the Court of Appeals vacated that portion of Judge Jones's order.

When the Court of Appeals vacates part of an order, it means that the Court of Appeals has set aside that part of the order. When the Court of Appeals vacates or sets aside part of an order, it also remands the case—in other words, sends the case back to

the trial court—so that the trial court can reconsider the part of the order that has been set aside.

Here, because Judge Jones is no longer available, the Court of Appeals remanded—or sent—McFarland-Lawson's case to this court, with Judge Duffin presiding, to reconsider the portion of Judge Jones's order that dismissed McFarland-Lawson's claim that alleged discrimination when, "On April 4, 2013, she learned that she needed to authorize an extension of an independent medical examination and review of her medical files, thus delaying a determination of when she would be allowed to return to work." The Court of Appeals did not instruct this court to reconsider any other portions of Judge Jones's order—in other words, all of McFarland-Lawson's other claims remain dismissed. (*See* ECF No. 160 at 3 ("[W]e otherwise **AFFIRM** the dismissal of the complaint.").)

In reconsidering only that portion of Judge Jones's order, this court must determine whether McFarland-Lawson filed a grievance relating to that claim with her union, the American Federation of Government Employees. If this court concludes that McFarland-Lawson filed such a grievance, it must also determine whether she exhausted that remedy—in other words, whether she followed the steps that her collective bargaining agreement requires her to follow once the Department of Housing and Urban Development had denied her grievance. McFarland-Lawson and the government, represented by Attorney Pawlak, can file motions—like a motion for

summary judgment—arguing that this court should reach one conclusion or another in answering those questions.

**2. The government's pending motion for summary judgment**

A motion for summary judgment is "a request that the court enter judgment without a trial because there is no genuine issue of material fact to be decided by a fact-finder—that is, because the evidence is legally insufficient to support a verdict in the nonmovant's favor." Motion for Summary Judgment, Black's Law Dictionary (11th ed. 2019). What that means in this case is that the government argues it has evidence to show that McFarland-Lawson filed a grievance with her union but did not first exhaust her administrative remedies relating to that grievance. Because she did not exhaust her administrative remedies relating to that grievance, the government argues, this court does not have the authority to hear her claims about the delays in her ability to return from unpaid indefinite enforced leave. Therefore, the government argues, her claims should be dismissed.

**3. What happens next?**

McFarland-Lawson is entitled to respond to the government's motion for summary judgment. *See* Civ. L. R. 56. She should follow the instructions provided in the Civil Local Rules in her response. *See id.* Her response is due by February 2, 2022. Should she need more time, she may file a motion asking for it.

As this court explained at the December 2, 2021 telephonic hearing, it will not rule on McFarland-Lawson's motion to compel until after ruling on the government's motion for summary judgment. (*See* ECF Nos. 175, 176.)

**IT IS THEREFORE ORDERED** that the plaintiff's motion for clarification (ECF No. 179) is **GRANTED.**

Dated at Milwaukee, Wisconsin this 26th day of January, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge