UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

                Plaintiff,

     v.                                  Case No. 16-CV-685

MARCIA FUDGE,

                Defendant.

## ORDER

Jamesetta McFarland-Lawson is representing herself in this protracted action. Over a year ago she filed her third motion to compel. (ECF No. 169.) Resolution of that motion was delayed as McFarland-Lawson asked for clarifications (ECF Nos. 179, 184), both sides requested extensions of time (ECF Nos. 181, 184, 189, 206), and the court considered the defendant's motion for summary judgment (ECF No. 204). The defendant responded to the motion to compel on October 19, 2022. (ECF No. 211.) McFarland-Lawson's response was due on November 3, 2022. (ECF Nos. 208, 210.)

On October 28, 2022, McFarland-Lawson filed a "Request for an Accommodation." (ECF No. 215.) She asks that the court order that defense counsel "provide the Plaintiff with alternative communication with documents provided." (ECF

No. 215 at 1.) She refers to both Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1991 as the bases for her request.

The briefing on this motion is not yet complete. *See* Civ. L.R. 7(b)-(c). However, on November 3, 2022, McFarland-Lawson filed a motion for an extension of time to reply and stated that she could not reply until the court rules on her request for an accommodation. (ECF No. 216.) For the sake of expediency the court will address McFarland-Lawson's request for an accommodation without awaiting full briefing.

Neither the Rehabilitation Act of 1973 nor the Americans with Disabilities Act of 1991 apply to the federal judiciary. McFarland-Lawson also cites *Blackhouse v. Doe*, 2011 ME 86, 24 A.3d 72, which is a state court decision and not relevant to proceedings in federal court. McFarland-Lawson has not identified any authority demonstrating that she is entitled to a reasonable accommodation when suing a federal agency.

The court, however, will grant McFarland-Lawson's request that the defendant provide her with documents in paper format as opposed to email, USB, or CD. (ECF No. 215 at 2.) Federal Rule of Civil Procedure 5(b)(2)(E) permits electronic service only if the recipient consents in writing. If McFarland-Lawson ever consented to electronic service, she has now revoked that consent. Providing McFarland-Lawson documents in a physical electronic medium such as CD or USB is generally not consistent with Rule 5, which refers to "papers." An exception applies when the evidence or filing is not amenable to a paper format (e.g., a video or audio recording).

As for the remaining aspects of McFarland-Lawson's request, the court will grant her request for a hearing in lieu of her being required to reply in writing. The Clerk shall schedule an afternoon in-person hearing. Counsel for the defendant may appear by phone. McFarland-Lawson may bring a "support person" to court. However, the court will not order that she be permitted to bring her "service animal" to court. For many reasons, including building security, the presence of animals in the federal courthouse is severely restricted. The record before the court is insufficient to permit the court to grant this request. McFarland-Lawson's request is further denied in all other respects.

As for McFarland-Lawson's motion for an extension of time (ECF No. 216), the motion is **granted**. She need not reply in writing; the court will schedule a hearing at which she may reply in person.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 4th day of November, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge