UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

          Plaintiff,

v.                                                             Case No. 16-CV-685

MARCIA FUDGE,

          Defendant.

## ORDER

Jamesetta McFarland-Lawson filed with the court a document captioned "Motion for Understanding for Judge Duffin." (ECF No. 235.) She states that she "is requesting that the court please help he [sic] understand why she was not given the opportunity to present her verbal response to the defendant's response to plaintiff's 3rd motion to Compel Plaintiffs way [sic] and why the court never addressed any of her concerns that was in her 3rd motion to compel discovery." (ECF No. 235.)

McFarland-Lawson's motion is improper. There is no basis in the Federal Rules of Civil Procedure for a motion for a court to further explain the basis for its decision. Nonetheless, in light of her pro se status, the court will, as it has in the past (*see, e.g.*, ECF No. 180; 185) attempt to help her in understanding the proceedings.

McFarland-Lawson filed her expansive third motion to compel on September 29, 2021. (ECF No. 169.) The court scheduled a hearing on the motion, and the following day the defendant moved for summary judgment. (ECF No. 170.) The court held a hearing on the motion to compel on December 2, 2021. (ECF No. 175.) The defendant asked that the court defer resolution of the motion until it resolved the pending motion for summary judgment. (ECF No. 175.) Notwithstanding the defendant's request, the court ordered the defendant to provide McFarland-Lawson with documents by December 10, 2021. (ECF No. 175.) After multiple extensions of time relating to the summary judgment motion, the court denied the defendant's motion for summary judgment on August 1, 2022. (ECF No. 204.) The court then returned to the third motion to compel and held another hearing on August 17, 2022. (ECF No. 205.)

The court gave the defendant until September 19, 2022, to respond in writing to the motion to compel. (ECF No. 205.) After extensions of time and McFarland-Lawson requesting to reply orally in court rather than in writing, the court held a hearing on December 15, 2022. (ECF No. 221.) At that hearing the parties' dispute narrowed to the issue of the sufficiency of the defendant's privilege log. (ECF No. 221.) After discussing a path forward with the parties, the court scheduled another hearing for January 19, 2023, which was adjourned at McFarland-Lawson's request to February 8, 2023. (ECF No. 225.)

In the interim, McFarland-Lawson filed a motion to compel a complete privilege log. (ECF No. 222.) Following the February 9, 2023, hearing the court entered an order granting McFarland-Lawson's motion to compel a complete privilege log, finding the defendant's privilege log insufficient. (ECF No. 226.) The court also scheduled another conference for March 20, 2023. (ECF No. 225.) In the same order the court dismissed McFarland-Lawson's third motion to compel as moot. (ECF No. 226.)

The court dismissed the third motion to compel as moot because it understood that, in light of the many conferences, the defendant's production and re-production of discovery to McFarland-Lawson, and the court's various rulings, the motion no longer presented a live controversy requiring resolution. Insofar as McFarland-Lawson sought more complete answers to interrogatories, the court concluded that she had already exceeded the permitted number of interrogatories and, therefore, was not entitled to demand supplementation. (ECF No. 225.)

At the most-recent conference on March 20, 2023, the court was provided with the defendant's revised privilege log and concluded, following an in camera review, that the withheld portions of the documents were properly redacted. (ECF No. 234.)

The court discussed other discovery matters, including McFarland-Lawson's stated intention to file a fourth motion to compel. The court gave her until March 27, 2023, to do so. (ECF No. 234.)

To the extent that McFarland-Lawson believes that an issue presented in her third motion to compel has not been fully resolved, she may renew it in her fourth motion to compel. However, the court cautions McFarland-Lawson that it is not appropriate for her to raise any issue that the court has already addressed (e.g., the sufficiency of any interrogatory response). Moreover, any motion to compel must fully comply with Civil Local Rule 37.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of March, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge