UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

    Plaintiff,

v.          Case No. 16-CV-685

MARCIA FUDGE,

    Defendant.

# ORDER

Currently before the court are two motions filed by pro se plaintiff Jamesetta McFarland-Lawson: "Motion to have Defendant's [sic] provide the discovery of Maury McGough as instructed by the court on February 8, 2023" (ECF No. 242); and "Extension for more time to file Plaintiff's 4th Motion to Compel and to respond after the court has decided her Motion to have Defendant's [sic] provide the discovery of Maury McGough as instructed by the court on February 8, 2023" (ECF No. 243).

In her first motion McFarland-Lawson asks the court to compel the defendant to provide three varieties of discovery responses from Maury McGough—documents (ECF No. 242-1 at 7), interrogatories (ECF No. 242-1 at 8), and admissions (ECF No. 242-1 at 9-10). She complains that defense counsel "did not follow the courts [sic] order to respond

to the discovery and have Maury McGough answer and sign it." (ECF No. 242 at 3.) She complains that the discovery "responses failed to identify a single useful fact, or make a single unqualified admission, or produce a single document" and are preceded by "boilerplate 'general objections'." (ECF No. 242 at 3.) She also asserts that, notwithstanding defense counsel's representations that all documents have been disclosed, the discovery responses point to certain documents that had not been previously provided. (ECF No. 242 at 3.)

Appended to her motion is a "Certificate of Conference" wherein McFarland-Lawson states that she attempted to meet and confer with defense counsel in accordance with Civil Local Rule 37 prior to filing the motion. (ECF No. 242-1.) She also provided emails that she states constitute the conference. (ECF No. 242-1 at 3-4.) The chain of emails began with McFarland-Lawson's email to defense counsel:

> Mr. Pawlak, you do know that the Judge instructed you to have Mr .Mcgough [sic] answer the discovery not you, right? He specifically said, Ms [sic] Lawson I want you to look over your discovery request and make sure you narrative [sic] down what your [sic] asking for and send it to Mr. Pawlak.
>
> Mr. Pawlak you do know that Maury Mcgough [sic] has to answer the interrogatories? And you said yes.
>
> However again the judge instructed you to do something and you are ignoring iit [sic] again. So I take it, that your [sic] not going to have Mr. Mcgough [sic] answer the interrogatories?
>
> I know it's fruitile [sic] to try to reason with you.. [sic] Based on the six years we have had this case you have not been forthcoming.

With that being said in the next couple of days I will be filing a motion to have the judge make you follow his instructions.

Thank you

Ms [sic] Lawson

(ECF No. 242-1 at 3.) Defense counsel responded:

As the judge told you, and put in the written order, you no longer have any more interrogatories. I objected to them based on the judge's written order. Mr. McGough did answer the admissions.

(ECF No. 242-1 at 3.)

McFarland-Lawson replied:

Mr. Pawlak, I totally disagree with you. The Judge gave you instructions in court to respond to my discovery and interrogatories of maury mcgough [sic]. He then stated days later that I could not go over my 25 interrogatories. However, technically [sic] you have not responded to any discovery per the civil rules of discovery. Therefore, I started over with interrogatories as I stated on the bottom of the page of maury mcgough [sic] revised discovery.

2. You have not provided me with my yearly evaluations.

3. You have not provided me with a clear copy of the investigation report.

(ECF No. 242-1 at 3.) Finally, defense counsel replied:

I beg to differ. We have answered all interrogatories up to the point when the judge ordered we no longer had to respond because you went far over the limit. Please re-read the order.

We provided you with all the yearly evaluations we were able to obtain.

As indicated in the recent COS, we are unable to obtain a clear copy of the investigation report you seek. However, in the interest of comity, we told

you how you could obtain it yourself directly from the agency with a FOIA request.

(ECF No. 242-1 at 3-4.)

McFarland-Lawson also attached a document she captioned "Per Judge Duffin - AMENDED -DISCOVERY REQUEST FOR MAURY MCGOUGH Supervisor" (ECF No. 242-1 at 6-11), a document captioned "DEFENDANT'S RESPONSE TO AMENDED DISCOVERY REQUEST FOR MAURY MCGOUGH SUPERVISOR" (ECF No. 242-1 at 13-21), and various other documents, mostly emails (ECF No. 242-1 at 22-35).

McFarland-Lawson asks the court to order defense counsel "to provide the Maury McGough discovery with Maury McGough answering and signing the questions as the court instructed on February 8, 2023." (ECF No. 242 at 1.) It appears that McFarland-Lawson is objecting to the fact that McGough "signed" the discovery responses "s/Maurice McGough" rather than affixing what is commonly referred to as a "wet signature." Likewise, rather than employing a wet signature, defense counsel wrote merely "s/" followed by his name.

Every discovery response must be signed by at least an attorney. Fed. R. Civ. P. 26(g)(1); *see also* Fed. R. Civ. P. 36(a)(3). McFarland-Lawson does not explicitly object to the sufficiency of defense counsel's signature; her objection is limited to McGough. (ECF No. 242 at 1.) However, McGough's signature is required only with respect to the proffered interrogatories. *Compare* Fed. R. Civ. P. 26(g)(1) (stating that discovery responses must be signed by counsel or, if unrepresented, the party) and 36(a)(3)

(stating that a request to admit may be "signed by the party or its attorney") *with* Fed. R. Civ. P. 33(a)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

Any motion regarding the sufficiency of any interrogatory response is denied because the court has already decided that McFarland-Lawson is not permitted to pursue any additional interrogatories or challenge the sufficiency of any responses she has received. McFarland-Lawson is correct that the court on February 8, 2023, instructed her to submit amended interrogatories for McGough to answer and ordered defense counsel to ensure that McGough answered and signed the interrogatories. *However*, immediately after the court said this defense counsel requested a protective order regarding McFarland-Lawson's interrogatories on the basis that she had already greatly exceeded the allotted number of interrogatories. After hearing from defense counsel and McFarland-Lawson, the court granted the defendant's request and barred McFarland-Lawson from pursuing any further discovery by way of interrogatory. That later order barring McFarland-Lawson from any further use of interrogatories served to retract and vacate the court's prior instruction regarding McFarland-Lawson seeking supplementation of any interrogatory. This was made clear when the court the following day formalized its decision in writing, stating: "McFarland-Lawson is not permitted any additional interrogatories and, insofar as she argues that any specific interrogatory response was insufficient, she is not entitled to further relief given that

she has exceeded the number of permitted interrogatories." *McFarland-Lawson v. Fudge*, No. 16-CV-685, 2023 U.S. Dist. LEXIS 21923, at *2 (E.D. Wis. Feb. 9, 2023); (ECF No. 226).

Because McFarland-Lawson's motion does not challenge the sufficiency of defense counsel's s/ signature, it is unnecessary for the court to address whether defense counsel's method of signing discovery documents is consistent with the Federal Rules of Civil Procedure. But the court will caution counsel that, ordinarily, an s/ is sufficient as a representation of a signature only when there are secondary means of signing a document (*e.g.*, as to documents electronically filed on ECF, "[t]he combination of the ECF User ID and Password serves as the signature of the attorney for all electronic documents, as well as for the purposes of the federal rules, and any other purpose for which a signature is required in connection with proceedings before the Court," ECF Policies and Procedures, II., C., 1. (E.D. Wis.), available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures), or a hard copy of the document containing a wet signature is retained by counsel and available upon request by the court (*e.g.*, *id.* at II., C., 2.). Improper certifications may have consequences. *See* Fed. R. Civ. P. 26(g)(3).

Insofar as McFarland-Lawson asks the court to compel a further response to her document requests or requests to admit, the court finds that she has generally failed to comply with Civil Local Rule 37 and meet and confer with defense counsel regarding these matters. The email exchange that she states constitutes the extent of her meet-and-confer with defense counsel tended to focus exclusively on McGough's interrogatory

6

Case 2:16-cv-00685-WED    Filed 04/12/23    Page 6 of 10    Document 244

responses. The only other matters she specifically addresses in the meet-and-confer are her "yearly evaluations" and a "clear copy of the investigative report." (ECF No. 242-1 at 3.) But these matters are not specifically addressed in her motion to compel. (ECF No. 242.) Moreover, her document request does not address any "yearly evaluations" or anything the court can see that might be alluding to those documents. (ECF No. 242-1 at 7.)

As for the request for the "investigative report," this may correspond with her request for "[t]he copy of the report you receive from the Federal Protective Services report case number 812009428 and Bl 2009422." (ECF No. 242-1 at 7.) The defendant responded by referring her to a range of documents identified by Bates numbers. (ECF No. 242-1 at 13.) Documents with these Bates numbers were appended to McFarland-Lawson's motion and appear legible and clear. (ECF No. 242-1 at 23-26.) These pages include a document from the Department of Homeland Security referencing the case numbers set forth in McFarland-Lawson's request, discussing the investigation into the statements that she made that underlie this case, and concluding "that while McFarland's comments were inappropriate, they did not rise to the level of a criminal violation." (ECF No. 242-1 at 25.)

It is unclear if McFarland-Lawson alleges these documents are somehow not responsive to her request. But the court notes that, insofar as she may be seeking some additional document(s), defense counsel stated that he did not have a clearer copy of

the report. (ECF No. 242-1 at 4.) If a defendant does not have a document, the court cannot compel her to produce it. *See* Fed. R. Civ. P. 34(a)(1) (stating that requests for production are limited to items "in the responding party's possession, custody, or control"). Because McFarland-Lawson has failed to demonstrate that there is any responsive document within the defendant's possession, custody, or control that was not turned over, her motion to compel must be denied.

Finally, as recounted above, McFarland-Lawson also lobs various other criticisms of the defendant's responses—*e.g.*, that the responses are preceded by boilerplate objections, are subject to qualification, and are generally not useful. Her criticisms have been shared by generations of litigants and attorneys. But they tend to reflect more the inadequacy of document requests, requests to admit, and interrogatories as discovery tools for exploring issues of any detail, ambiguity, or nuance. These are the broadest brushes in the discovery toolbox. The tool for discerning detail is testimony, either by deposition or at trial. Thus, the fact that she has been unable to obtain the specific information she seeks does not necessarily reflect any impropriety on the part of defense counsel. Having closely reviewed her motion and construing it broadly in light of her pro se status, the court must conclude that McFarland-Lawson has failed in her burden to show that she is entitled to any relief. Therefore, her motion to compel (ECF No. 242) must be denied.

Turning to McFarland-Lawson's motion for an extension of time (ECF No. 243), she states she needs an extension of time "due to reoccurring nightmares of the court treating me differently as Judge Jones did to dismiss my case." (ECF No. 243 at 1.) During a March 20, 2023, telephonic conference McFarland-Lawson requested time to file a fourth motion to compel. (ECF No. 234.) The court instructed her to file any such motion no later than March 27, 2023. (ECF No. 234.) On that date she filed a motion for an extension of time. She stated she needed an "extension due to me being sick I get sick before, during or after court." (ECF No. 240.) The court granted her request to file her motion no later than April 10, 2023. (ECF No. 241.)

On April 10, 2023, McFarland-Lawson filed her present motion. (ECF No. 243.) She does not request any particular extension but instead asks only "that a date be set by the courts after the court has denied or granted" her motion related to the McGough discovery. (ECF No. 243.)

Having denied McFarland-Lawson's motion related to the McGough discovery, the court will order her to file any motion to compel no later than April 26, 2023.

**IT IS THEREFORE ORDERED** that McFarland-Lawson's motion to compel (ECF No. 242) is **denied**.

**IT IS FURTHER ORDERED** that McFarland-Lawson's motion for an extension of time (ECF No. 243) is **granted**. McFarland-Lawson shall file any motion to compel no

later than **April 26, 2023**.

Dated at Milwaukee, Wisconsin this 12th day of April, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge