# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMESETTA MCFARLAND-LAWSON,

      **Plaintiff,**

    v.                      Case No. 16-CV-685

MARCIA FUDGE,

      **Defendant.**

## ORDER

Before the court is the plaintiff's "Motion to Amend/Correct/ Modify the following entries, the Dockets, Orders and Court, and Minutes of Status Conference entries that was left out of the narratives." The motion is **denied**.

The plaintiff's requests are outside the scope of Fed. R. Civ. P. 60(a). The minutes prepared by a deputy clerk of court are not intended as a complete or official record of any proceeding. If the plaintiff believes that the events of a hearing or conference are relevant to her appeal, she must pay to have a transcript prepared from the audio recording. *See* Fed. R. App. 10(b). If a transcript is not available, then Fed. R. App. 10(c) applies. The plaintiff has not identified any difference between the record on appeal, Fed.

R. App. 10(a), and what occurred in the district court, and therefore has not presented a plausible motion under Fed. R. App. 10(e).

Insofar as the plaintiff requests the court to make a factual finding, such as that she missed a hearing because she did not receive notice, that she did not receive certain documents indicated in certificates of service, or that a hearing was cancelled because she had COVID, she has not demonstrated that these details are material or within the scope of either Fed. R. Civ. P. 60(a) or Fed. R. App. 10(e)(1).

Finally, other details that she requests be added to docket entries, such as the fact that the defendant did not respond to certain motions, are both outside the scope of Rule 60(a) and immaterial. Such details are evident from the docket.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 13th day of September, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge